Kunz agt. Bachman.

All concur.

---

## SUPREME COURT.

GEORGE PHILLIP KUNZ, plaintiff and respondent, agt. CHRISTIAN BACHMAN, individually, and as executor, &c., defendant and appellant.

*Notice of pendency of action — Code of Civil Procedure, sec. 1670 — actions which are embraced within the provisions of this section.*

Where the complaint, after reciting the necessary facts leading thereto, prays that the rights and interests of the respective parties in certain premises and appurtenances may be determined and adjudged, and that the premises may be sold and the proceeds divided, claiming on behalf of plaintiff and another, that they are entitled to one-sixth of the net rents and income of the premises; and where the answer denies that either is so entitled:

*Held*, that the action is one which is brought to recover a judgment affecting the title to and the use and possession of real property, and is, therefore, embraced within the provisions of section 1670 of the Code.

· *First Department, General Term, July*, 1881.

*Before* DAVIS, *P. J., and* BRADY, *J.*

*Herbert T. Ketcham*, for appellant.

*Benjamin Merritt*, for respondent.

BRADY, *J.* — This action is brought against the defendants, Christian and Frederick Bachman, as tenants in common with the plaintiff and Philip Kunz, Jr., under the will of George Bachman, deceased, a copy of which is set out in the complaint. The complaint alleges that Bachman died seized of the premises devised by the will mentioned; that the plaintiff and others are entitled as tenants in common under the will of certain shares specified; that the defendant, Catharine Bachman, has an inchoate right of dower; and that Lillian Bachman has also an inchoate right of dower; that the defendant, Christian, has collected and kept the rent of the premises since the 31st of August, 1879, and has rendered no account thereof; that the plaintiff and Philip Kunz, Jr., are each entitled to one-sixth of the net rents and income of the premises received by the defendant, Christian, since the time mentioned, and of the value of the part occupied by the defendants or either of them; and prays for an accounting and examination of the respective rights of the parties in the premises and a sale thereof, under the direction of the court, and a distribution according to the rights as they may be declared.

The defendant thinks that the notice of *lis pendens* should be canceled, inasmuch as the complaint contains no allegation or prayer from which a judgment affecting any right in real estate can result.

Section 1670 of the Code provides that in an action brought to recover a judgment affecting the title to, or the possession, use or enjoyment of real property, the plaintiff may, when he files the complaint, or at any time afterwards before final judgment, file in the clerk's office of each county where the property is situated, a notice of the pendency of the action.

It has already been shown that the complaint, after reciting

Kunz agt. Bachman.

the necessary facts leading thereto, prays that the rights and interests of the respective parties in the premises and appurtenances may be determined and adjudged, and that the premises may be sold and the proceeds divided, claiming on behalf of the plaintiff and Philip Kunz, Jr., that they are each entitled to one-sixth of the net rents and income of the premises received by the defendant for the period stated in the complaint, and of the value of the part occupied by the defendants or either of them.

The answer denies that the plaintiff or Philip Kunz, Jr., is entitled to one-sixth of the net rents or income of the premises described, received by the defendant at any time, or to one-sixth of the part occupied by the defendant or any defendant.

On the pleadings there is no reason to doubt, therefore, and there is really no opportunity for contention on the subject, that the title to the premises, or some part thereof, devised by the testator, is in question. The plaintiff asserts a title to a part of it and to a share of the rents, issues and profits, to the extent of such part, and the defendant denies it; and consequently the action is one which is brought to recover a judgment affecting the title to and the use and possession of real property, and is therefore embraced within the provisions of section 1670. This seems to be so plain that it is not deemed necessary to consider it with reference to any adjudged cases.

The order should therefore be affirmed, with ten dollars costs and the disbursements of the appeal.

DAVIS, P. J., concurs.